UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    Plaintiff, )<br>           )<br>  v.         )<br>           )<br>88 LOVELLS LANE, MARSTON MILLS, )<br>MASSACHUSETTS,     )<br>    Defendant. )  | Civil Action No. 03-12438-JGD |

## STIPULATION OF SETTLEMENT

The parties to this action, plaintiff United States of America, by its attorney, and claimant Victor Miller, individually and by his attorney, state that:

WHEREAS the United States filed a Complaint for Forfeiture in rem against the real property and buildings located at 88 Lovells Lane, Marston Mills, Massachusetts (the "Defendant Real Property") on December 3, 2003, which was supported by an affidavit of probable cause prepared by and sworn to by United States Drug Enforcement Administration Cape Cod Task Force Agent Sean Balcom;

AND WHEREAS the Court thereafter approved and ordered the issuance of a Warrant and Monition, directing the posting of the Defendant Real Property and service of notice of the action on all interested parties;

AND WHEREAS a lis pendens was approved by the Court on December 12, 2003, and filed at the Barnstable Registry of Deeds;

AND WHEREAS on or about February 27, 2004, claimant Victor Miller (the "Claimant") filed an Answer to the Complaint as the owner of the Defendant Real Property, denying the allegations contained in the Complaint;

AND WHEREAS on February 10, 17, and 24, 2004, notice of the filing of the Complaint for Forfeiture in rem against the Defendant Real Property was published in the Boston Herald newspaper;

AND WHEREAS as of this date, which is more than thirty days after the final date of such publication, no other party has filed a claim to the Defendant Real Property or answered or otherwise defended against this forfeiture action as required by Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims;

AND WHEREAS it is the desire of both parties to settle this matter;

NOW THEREFORE, it is stipulated and agreed by and between the undersigned parties as follows:

1.   Upon execution by all parties, this Stipulation shall be filed with the United States District Court for the District of Massachusetts.

2.   Claimant Victor Miller consents and agrees to the forfeiture to the United States of 50% of the value of the Defendant Real Property, and waives any and all claims of interest in the forfeited property.  The parties agree that the term " value" shall mean the fair market value of the property, which has been appraised at $443,000.  The amount owed to the United States is $221,500.

3.   The parties agree that, after entry of Judgment and Order of Forfeiture, the United States will secure its interest in the Defendant Real Property by recording the Order of Forfeiture issued by this Court at the appropriate Registry of Deeds.  The Order will remain on the Defendant Real Property until the United States' 50% interest is satisfied.

4.   The parties agree that the claimant may satisfy the judgment of forfeiture in

installment payments, to be paid by the claimant in equal installments at a monthly amount, and over a period of time to be determined by the Office of Probation upon review of the claimants' "Statement of Net Worth" and accompanying records. The claimant reserves the right to pay the complete balance owed to the United States under this agreement at any time without penalty or additional costs. The schedule of payments will not begin until the claimant has been released from custody. The United States reserves the right to move for sale of the Defendant Real Property should the claimant default on the schedule of payments.

5. In the event of a sale, the parties shall arrange for the sale of the Defendant Real Property in accordance with United States Department of Justice policies regarding the disposition of forfeited property. The parties may, among other things, retain a real estate broker and other professionals in its reasonable best efforts to market and sell the Defendant Real Property at the highest possible price.

6. Any offers made by potential buyers of the Defendant Real Property must be agreed upon between the United States Marshal Service ("USMS") and Victor Miller before acceptance.

7. Upon sale of the Defendant Real Property pursuant to this Stipulation of Settlement and the Judgment and Order of Forfeiture, the sale proceeds shall be distributed by the USMS in the following manner and order:

    (a) costs of publication by USMS in this case, and all costs and expenses reasonably incurred in seizing, maintaining, marketing, and selling the Defendant Real Property;

    (b) the cost of any comprehensive insurance on the Defendant Real Property;

    (c) any outstanding real estate taxes due to the Town of Marston Mills, Massachusetts, with respect to the Defendant Real Property;

    (d)    any valid and superior liens, attachments, or encumbrances of record;

    (e)    fifty percent (50%) of the remaining balance shall be paid to Victor Miller by check; and

    (f)    USMS shall dispose of the remaining net balance of the sale proceeds in accordance with applicable law.

8. The parties agree that the settlement of this matter upon the terms and conditions set forth herein is in full, final and complete satisfaction of any and all civil claims arising out of the Complaint for Forfeiture filed against the Defendant Real Property by the United States.

9. Claimant agrees to release unconditionally, and to hold harmless, the United States of America, its officers, agents and employees, including, but not limited to, the United States Department of Justice, the Drug Enforcement Administration, the United States Marshals Service, and any state or local law enforcement departments or officers involved in this litigation from any and all claims, demands, damages, causes of actions or suits, of whatever kind and/or description and wheresoever situated, which might now or ever exist by reason of, or grow out of or affect, directly or indirectly, this forfeiture action.

10. Without in any way limiting the generality of Paragraph 9, above, Claimant specifically agrees to waive any and all constitutional claims that he may have against any of the parties named in paragraph 9, above, arising from or relating in any way to this civil action.

11. The United States agrees that it will not seek criminal or civil forfeiture of the Defendant Real Property in the future based on the same facts and circumstances which led to this forfeiture action.

12. Unless this Stipulation of Settlement is voided by the parties, all rights of appeal are hereby waived by all parties, and each party shall bear its own attorneys fees, incurred by it

in connection with any of the proceedings pertaining directly or indirectly to this civil forfeiture action.

13. The parties to this agreement acknowledge that they are, and have been, represented by competent counsel in connection with the negotiation, preparation, and execution of this agreement, that the provisions of this agreement and the legal effects thereof have been explained to them, and that they are entering into this agreement freely and voluntarily, without coercion, duress or undue influence.

IN WITNESS WHEREOF, the United States of America, by its attorney, and claimant Victor Miller, individually and by his attorney, hereby execute this agreement.

Respectfully submitted,

| | |
|---|---|
| MICHAEL J. SULLIVAN.<br>United States Attorney. | VICTOR MILLER, |
| /s/ *Shelbey D. Wright*<br>By:   Shelbey D. Wright<br>         Assistant U.S. Attorney<br>         John J. Moakley Federal<br>            Courthouse<br>         Suite 9200<br>         1 Courthouse Way<br>         Boston, MA 02210<br>         (617) 748-3283 | /s/ *Joseph J. Balliro, Jr.*<br>By:   Joseph J. Balliro, Jr.<br>         Balliro & Mondano<br>         Suite 1800<br>         99 Summer Street<br>         Boston, MA 02110<br>         (617) 737-8442 |
| Date: | Date: |