```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| UNITED STATES OF AMERICA,      )<br>         Plaintiff,          )<br>                                )<br>         v.                    )<br>88 LOVELLS LANE, MARSTON MILLS,)<br>MASSACHUSETTS,                  )<br>         Defendant,            )<br>_____)<br>VICTOR MILLER,                  )<br>         Claimant.              ) | Civil Action No. 03-12438-JGD |

**UNITED STATES' MOTION FOR SALE OF**
**PROPERTY TO SATISFY JUDGMENT AND ORDER OF FORFEITURE**

The United States of America, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully requests that the Court order the sale of the real property located at 88 Lovells Lane, Marston Mills, Massachusetts (the "Defendant Real Property") in accordance with the terms of the parties' Stipulation of Settlement in this matter (Document No. 17-3). As set forth more fully below, Claimant Victor Miller ("Claimant") has failed to comply with the terms of the Stipulation of Settlement, including payment of currency to be forfeited in lieu of the Defendant Real Property. Accordingly, the Defendant Real Property should be sold and 50% of the net proceeds of the sale should be forfeited to the United States.

**Background**

In December 2003, the United States filed a civil forfeiture complaint against the Defendant Real Property pursuant to 21 U.S.C. § 881(a)(7), on the grounds that the Defendant Real Property was used, or intended to be used, in any manner or part, to commit, or to

facilitate the commission of, violations of the Controlled Substances Act, including 21 U.S.C. §§ 841, 846 and/or 856.  Claimant filed a Verified Claim of ownership to the Defendant Real Property, and in February 2005 the parties executed a Stipulation of Settlement.

The Stipulation of Settlement provided that the Claimant would forfeit to the United States $221,500, which the parties agreed represented 50% of the value of the Defendant Real Property at the time they entered into the Stipulation of Settlement.  Document No. 17-3, ¶ 2.  The Stipulation of Settlement further provided that the Claimant could satisfy the forfeiture judgment in a lump sum, or with installment payments to be determined after the Claimant's release from custody.  Id., ¶ 4.  The United States also reserved the right to move for a sale of the Defendant Real Property in the event the Claimant failed to make payments.  Id.  According to the Stipulation of Settlement, the United States would be entitled to the forfeiture of 50% of the net sale proceeds if the government is forced to sell the Defendant Real Property to satisfy the Judgment and Order of Forfeiture, and would not be limited to $221,500.  Id., ¶ 7(f).

The parties moved jointly for forfeiture of $221,500, in lieu of the Defendant Real Property, pursuant to the Stipulation of Settlement.  On March 2, 2005, this Court endorsed a Judgment and Order of Forfeiture providing that $221,500, representing 50% of the value of the Defendant Real Property, is forfeited to the United States.  See Document No. 18.

On or about September 1, 2005, the Claimant was released from state custody, but never contacted the United States to schedule payment of the forfeiture judgment.  Counsel for the United States twice contacted counsel for the Claimant, attempting to determine a schedule for payment of the judgment.  See November 18, 2005 letter from Assistant United States Attorney Shelbey D. Wright to Joseph J. Balliro, Jr., attached as Exhibit A; July 23, 2006 letter from Assistant United States Attorney Kristina E. Barclay to Attorney Balliro, attached as Exhibit B.

No payments toward the satisfaction of the Judgment and Order of Forfeiture have been made on behalf of the Claimant.

WHEREFORE, the United States respectfully requests that this Court grant its Motion for Sale of the Defendant Real Property.  A proposed Order is submitted herewith for the convenience of the Court.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By: /s/Kristina E. Barclay
    Kristina E. Barclay
    Assistant U.S. Attorney
    United States Attorney's Office
    1 Courthouse Way, Suite 9200
    Boston, MA 02210
    (617) 748-3100

Dated: May 18, 2007

**CERTIFICATE OF SERVICE**

    This is to certify that the foregoing Motion and the proposed Order, filed through the Electronic Case Filing system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                                   /s/Kristina E. Barclay
                                                   Kristina E. Barclay
                                                   Assistant U.S. Attorney

Date: May 18, 2007

N:\LTalbot\wright\Victor Miller - 88 Lovells Lane\Motion for Sale of Property to Satisfy Judgment & Order of Forfeiture.wpd 101601