UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　Plaintiff<br><br>v.<br><br>88 LOVELLS LANE, MARSTONS<br>MILLS, MASSACHUSETTS,<br>　　　Defendant | ]<br>]<br>]<br>]   Civil Action No. 03-12438-JGD<br>]<br>]<br>]<br>] |

## SETTLEMENT AGREEMENT

The United States of America ("United States"), by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Victor Miller ("Miller"), individually and by his attorney, set forth the following:

WHEREAS, on December 3, 2002, the United States filed a Verified Complaint for Forfeiture in rem against the real property and buildings located at 88 Lovells Lane, Marstons Mills, Massachusetts ("Defendant Property") entitled United States of America v. 88 Lovells Lane, Marstons Mill, Massachusetts, Civil Action No. 03-12438 (JGD);

WHEREAS, the United States asserts that the Defendant Property was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of 21 U.S.C. §§ 841, 846, and/or 856, and therefore is subject to forfeiture under 21 U.S.C. § 881(a)(7);

WHEREAS, Victor Miller owns the Defendant Property;

WHEREAS, on December 8, 2003, the Court (Saris, J.) endorsed a Warrant and Monition pursuant to the Verified Complaint;

WHEREAS, on March 1, 2004, Miller filed an Answer to the Verified Complaint for Forfeiture in rem in this action;

WHEREAS, no other party filed a claim to the Defendant Property or answered or otherwise defended against this forfeiture action as required by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and the time within which to do so has expired; and

WHEREAS, in February 2005, the United States and Miller entered into a Stipulation of Settlement that provided, among other things, that Miller would forfeit to the United States $221,500.00, which the parties agreed represented 50% of the value of the Defendant Property at the time they entered into the Stipulation of Settlement;

WHEREAS, the Stipulation of Settlement further provided that Miller could satisfy the forfeiture judgment in a lump sum or with installment payments;

WHEREAS, Miller failed to make the required payment(s), and the United States moved for sale of the Defendant Property;

WHEREAS, on June 7, 2007, the Court (Dein, M.J.) endorsed an Order for Sale of Property, allowing the United States Marshals Service to sell the Defendant Property; and

WHEREAS, the parties desire to reach a full and final settlement of this matter;

NOW THEREFORE, it is stipulated and agreed by and between the undersigned parties as follows:

1. Upon execution by all parties, this Settlement Agreement supersedes all previous agreements between the parties, including the Stipulation of Settlement entered into in February 2005.

2. This Settlement Agreement shall be filed with the United States District Court for the District of Massachusetts. This Court shall retain jurisdiction to enforce the provisions of this Settlement Agreement.

3. Subject to the terms set forth in this Settlement Agreement, and in the Final Judgment and Order of Forfeiture entered by the Court, the parties agree that Miller will forfeit to the United States a sum of $102,500.00 in United States currency (the "Currency"), in lieu of the Defendant Property. The Currency will be paid as follows: no later than five (5) days after execution of this Agreement, Miller shall deliver to the United States a certified, cashier's, or treasurer's check in the amount of $102,500.00 in United States currency, made payable to the United States Marshals Service ("USMS"), and the USMS shall seize and maintain custody and control of such check, in accordance with United States Department of Justice policies regarding the disposition of forfeited property.

4. Upon receipt of the Currency, the United States will file a Joint Motion for Final Judgment and Order of Forfeiture against the Currency in the United States District Court for the District of Massachusetts.

5. Upon receipt of the Currency, the United States will move for a release of the lis pendens endorsed by the District Court on December 12, 2003 and recorded at the Barnstable County Registry of Deeds at Book 9095, Page 47. Once the Release of Lis Pendens is issued, the United States will forward a certified copy of the Release of Lis Pendens to Miller's attorney for recording at the Barnstable County Registry of Deeds.

6. The parties hereby agree that if Miller fails to provide the United States with the full, agreed upon amount of $102,500.00 within five (5) days of the date on which this Settlement Agreement is executed, this Settlement Agreement shall be null and void, and the United States will proceed with the sale of the Defendant Property pursuant to the Court's June 7, 2007 Order.

7. Miller agrees that he will not engage in any illegal activity at the Defendant Property or knowingly allow any illegal activity to occur at the Defendant Property.

8. Miller hereby agrees that, up through the date on which he provides the United States with the $102,500.00, or, if applicable, through the date on which the Defendant Property is forfeited to the United States, he: (a) will maintain the Defendant Property in a safe and reasonable condition and in accordance with all applicable laws; (b) will not further encumber the Defendant Property in any way without prior agreement by the United States; (c) will maintain adequate insurance on the Defendant Property, sufficient to cover the equity in the Defendant Property, should the Defendant Property be damaged or destroyed; and (d) will make all payments associated with the Defendant Property, including, but not limited to, utility, insurance, and tax payments, which are due or which become due during the relevant time period. Miller hereby acknowledges and agrees that his making payments associated with the Defendant Property will not in any way alter the United States' right to forfeit the entire sum of $102,500.00.

9. The United States and Miller agree that the settlement of this matter upon the terms and conditions set forth herein is in full, final, and complete satisfaction of any and all civil claims arising out of the maintenance, marketing, and forfeiture of the Defendant Property and/or the Currency by the United States.

10. The United States and Miller agree that, if Miller breaches this Settlement Agreement, the United States shall have the right to forfeit the amount of $221,500.00, in accordance with the March 2, 2005 Judgment and Order of Forfeiture.

11. Miller unconditionally releases, indemnifies, and holds harmless the United States, and its officers, agents, employees, and representatives, both past and present, including, but not limited to, the United States Department of Justice, the United States Attorney's Office, the United States Drug Enforcement Administration, the Federal Bureau of Investigation, and the United States Marshals Service, as well as any state, county, or local law enforcement agencies whose personnel assisted in the forfeiture proceedings against the Defendant Property, from any and all civil claims, including, but not limited to, demands, damages, causes of action, or suits, of whatever kind and/or description and wherever situated, which might now or ever exist by reason of, or grow out of or affect, directly or indirectly, the forfeiture proceedings against the Defendant Property, or the provisions of the instant Settlement Agreement.

12. Without in any way limiting the generality of Paragraph 11, above, Miller specifically agrees to waive any and all constitutional claims that he may have arising from or relating in any way to this civil action or the seizure or disposition of the Defendant Property and/or the Currency, including claims that this forfeiture violates the Fourth Amendment, the Due Process or Double Jeopardy Clauses of the Fifth Amendment, or the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, or any other provision of federal or state constitutional, statutory, or common law.

13. All parties hereby waive all rights of appeal. Except as otherwise provided in this Agreement, each party shall bear its or his own fees, including attorneys fees and other expenses, incurred by it or him in connection with any of the proceedings pertaining directly or indirectly to this civil forfeiture action.

14. Miller agrees that nothing in this Settlement Agreement shall be construed to satisfy or offset any tax liability or any other debt owed to the United States by Miller.

15. Miller hereby acknowledges that he is, and has been, represented by competent counsel in connection with the Settlement Agreement, that the provisions of this Settlement Agreement and the legal effects thereof have been explained to him, and that he is entering into this Settlement Agreement freely and voluntarily, without coercion, duress, or undue influence.

IN WITNESS WHEREOF, the United States of America, by its attorney, and Victor Miller, individually and by his attorney, hereby execute this Agreement.

| VICTOR MILLER,<br>By his attorney, | MICHAEL J. SULLIVAN,<br>United States Attorney, |
|---|---|
| By: _____<br>Steven T. Snow, Esq.<br>Law Offices of Steven T. Snow<br>Mashpee Commons<br>2 Oak Street, Suite 202<br>Post Office Box 628<br>Mashpee, MA 02649<br>(508) 477-7100 | By: _____<br>Jennifer A. Serafyn<br>Assistant U.S. Attorney<br>John Joseph Moakley Courthouse<br>One Courthouse Way, Suite 9200<br>Boston, MA 02210<br>(617) 748-3100 |
| By: _____<br>Victor Miller | |
| Date: June 17, 2008 | Date: June 20, 2008 |